[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION TO REOPEN (DOCKET ENTRY NO. 113)
The captioned matter came before the court for a post-judgment hearing on September 28, 1999.
During a pretrial case management conference, it was determined that the following motions were pending before the court:
a. #112-Defendant's Post Judgment Motion for Contempt (sic);
b. #113-Motion to Reopen (sic) Judgment (Post-Judgment);
c. #114-Motion for Modification (Post-Judgment);
d. #115-Motion for Contempt (sic) (Post-Judgment); and,
e. #116-Defendant's Motion for Counsel Fees. CT Page 13239
With the cooperation and guidance of counsel, the court determined that it could proceed on all pending motions in a single evidentiary hearing. It was agreed that the Plaintiff would proceed with the initial burden.
As the matter evolved, it became clear that #113, Motion to Reopen (sic) (Post-Judgment), was a threshold motion which had to be decided before the other Motions could be reached. Should the court decide that said Motion should be granted, the other Motions become moot.
Having reached the decision that the Motion to Reopen (sic) should be granted, the court does not reach the other matters.
The instant matter was in court on May 27, 1999 for pendentelite matters. As the day evolved, the parties reached agreement on a final resolution. Counsel scurried to prepare a Separation Agreement before the end of the court day. The parties presented the matter as an uncontested dissolution to the court, Cutsumpas, J.
The Separation Agreement was thoroughly canvassed by the court. (Had the parties not been so anxious to `seize' the moment of agreement, there would have (should have) been a more complete approach to the events anticipated which would allow compliance with the Agreement. The court would then have been alerted to a need for further canvas.)
The Separation Agreement calls for payment, by the Plaintiff, of unallocated alimony and child support. Section 2.2. There is a provision in this subsection which provides that the payment shall be non-modifiable as to amount and term ". . . except as set forth in Paragraph 2.8 herein".
This provision is not artfully drawn; it is demonstrably modifiable on other grounds. See, inter alia, Section 2.3, Section 2.7, Section 2.9 and Section 5.3.
At the time of the Agreement, both parties and counsel knew that financial compliance was only possible if the plaintiff's hoped-for business deal matured. Had the court been fully informed of the financial status of the plaintiff it could not
arrive at a conclusion that the Agreement was equitable.
In considering a motion to open a judgment, the court is CT Page 13240 vested with discretion to determine whether there is a good andcompelling reason for vacating the judgment. HIRTLE v. HIRTLE,217 Conn. 384, 398 (1991). The court believes that the failure of full disclosure before the court is a good and compelling reason to open/vacate the judgment. The OBVIOUS impossibility of the plaintiff being able to meet the financial obligations, absent the consummation of the business transaction, is a good andcompelling reason to vacate the judgment.
This court feels reasonably bound, in duty, to open and reconsider the judgment. TLC DEVELOPMENT, INC. v. PLANNING ZONING COMMISSION, 215 Conn. 527, 533 (1990). To do anything else would violate the principles of equity.
Counsel for the parties are to consult with Caseflow Coordinator James Quinn for scheduling pendente lite orders with three (3) business days.
BRENNAN, J.